UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ERROL MARTELL TRAVIS,

                Plaintiff,                        Case No. 1:10-cv-1276

v.                                           Honorable Gordon J. Quist

CLINTON COUNTY JAIL,

                Defendant.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial

partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321

(1996), the Court is required to dismiss any prisoner action brought under federal law if the

complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A.

The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519,

520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly

incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's

action will be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff presently is incarcerated at the Clinton County Jail.  In his *pro se* complaint, Plaintiff sues the Clinton County Jail for violating his Eighth Amendment rights.

Plaintiff complains that the Clinton County Jail has failed to treat injuries that he received while running away from the sheriff.  On November 6, 2010, Plaintiff ran into a barbed-wire fence while fleeing from the Clinton County Sheriff.  The fence cut Plaintiff's abdomen, right side, back, forehead and knee.  After Plaintiff was arrested, he was brought to the Clinton County Jail.  Although the Clinton County Sheriff informed the jail staff that Plaintiff needed medical attention, Plaintiff alleges that he never received any treatment.  On November 8, 2010, Plaintiff showed the jail staff his open cuts.  He also complained of intense pain.  The jail staff told Plaintiff that they would inform the nurse of his injuries.  As of December 20, 2010, Plaintiff had not yet received any medical treatment.  He suffers from pain on the right side of his abdomen and lower back.  Plaintiff also complains that when he urinates, "a white chalky substance follows behind it." (Compl., Page ID #3, docket #1.)

For relief, Plaintiff requests to be evaluated by a medical doctor and monetary damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, ___ F.3d ___, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff sues the Clinton County Jail. The jail is a building, not an entity capable of being sued in its own right. *Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir. 1991); *see also Petty v. County of Franklin, Ohio,* 478 F.3d 341, 347 (6th Cir. 2007) (a county sheriff's department is also

not a "person" subject to liability under § 1983). Accordingly, the Court will dismiss the Clinton County Jail.

However, construing Plaintiff's *pro se* complaint liberally, *see Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Clinton County, the entity responsible for the operation of the Clinton County Jail. A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles County v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne County*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe County*, 117 S.Ct. 1734, 1736-37 (1997).

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs

described in *Monell*"). Thus, the Court looks to the allegations in Plaintiff's complaint to determine

whether Plaintiff has alleged that the Clinton County Sheriff has established a policy or custom

which caused Plaintiff to be deprived of a constitutional right.

Plaintiff's action fails at this first step because his allegations have not identified a

policy or custom that has violated his constitutional rights. A "policy" includes a "policy statement,

ordinance, regulation, or decision officially adopted and promulgated" by the sheriff. *Monell*, 436

U.S. at 690. Plaintiff has not asserted that there is an official policy.

Plaintiff also has not identified a custom. The Sixth Circuit has explained that a

"custom"

> for the purposes of *Monell* liability must be so permanent and well settled as
> to constitute a custom or usage with the force of law. In turn, the notion of
> "law" includes deeply embedded traditional ways of carrying out state
> policy. It must reflect a course of action deliberately chosen from among
> various alternatives. In short, a "custom" is a "legal institution" not
> memorialized by written law.

*Doe*, 103 F.3d at 507 (citations and quotations omitted). In his complaint, Plaintiff fails to identify

a custom. Plaintiff alleges that the Clinton County Sheriff told the jail staff that Plaintiff needed

medical attention. (Compl., Page ID #3, docket #1.) Plaintiff therefore has utterly failed to allege

that the sheriff had a custom of depriving inmates of medical treatment.

In summary, Plaintiff has failed to allege that the Clinton County Sheriff, as

policymaker for Clinton County, had a policy or custom that caused Plaintiff to be deprived of a

constitutional right. Where a plaintiff fails to allege that a policy or custom existed, dismissal of the

action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL

36283, at *1 (6th Cir. 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2

(6th Cir. 1993). Therefore, the Court will dismiss Plaintiff's action because he has failed to state a claim upon which relief may be granted.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: February 4, 2011                                 /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE